606                    July 3, 2024                    No. 464

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Travis BEAN,
*Petitioner,*

*v.*

OREGON HEALTH AUTHORITY,
*Respondent.*

Oregon Health Authority
85695
A180959

Submitted May 23, 2024.

Travis L. Bean filed the brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner seeks judicial review and reversal of a final order of the Office of Administrative Hearings in which an administrative law judge (ALJ) concluded that the Oregon Health Authority and Oregon State Hospital (collectively state hospital) could administer antipsychotic medication to petitioner without his informed consent. Petitioner contends that the ALJ erred in concluding that the state hospital properly followed the requirements set forth in OAR 309-114-0020(1)(a)-(c) for the involuntary administration of medication. We affirm.[1]

We review the ALJ's decision for substantial evidence and legal error. *Taylor v. Oregon State Hospital*, 319 Or App 620, 621, 510 P3d 244 (2022). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c).

A patient, like petitioner, who has not been adjudicated as "legally incapacitated," is presumed "competent to consent to or withhold consent from significant procedures," which include the administration of antipsychotic medication. *Taylor*, 319 Or App at 622 (citing OAR 309-114-0010(2)(a); OAR 309-114-0005(16)). However, a state institution may administer that medication to a patient without the patient's informed consent for "good cause." *Id*. (citing OAR 309-114-0010(1)(b)(C)). In order to demonstrate "good cause" and as relevant to this review, three factors must be satisfied. First, the state hospital must demonstrate that the patient is "deemed unable to consent to *** the significant procedure," and that "determination must be documented." OAR 309-114-0020(1)(a). Second, the proposed significant procedure must be likely to "restore or prevent deterioration of the person's mental or physical health, alleviate extreme suffering or save or extend the person's life." OAR 309-114-0020(1)(b).

---

[1] An approval order for a significant procedure "shall be only for as long as no substantial increase in risk is encountered in administering the significant procedure of a similar class during the term of a person's commitment, but in no case longer than 180 days." OAR 309-114-0020(5)(b). The state hospital contends that the order is now moot because it was issued more than 180 days ago. Assuming without deciding that the order is now moot and qualifies for an exception for review, we address petitioner's arguments.

Third, the proposed procedure must be "the most appropriate treatment for the person's condition according to current clinical practice and other less intrusive procedures have been considered." OAR 309-114-0020(1)(c).

In his only assignment of error, petitioner argues that the ALJ erred in concluding that each of those three requirements was satisfied.[2] Petitioner first contends that the state hospital did not satisfy OAR 309-114-0020(1)(a), which provides that a treating physician and the independent examining physician must document their determination that the patient is deemed unable to consent to the significant procedure. That documentation "must include the specific questions asked and answers given regarding the patient's ability to weigh the risks and benefits of the proposed treatment, alternative treatment and no treatment." *Id*. Petitioner argues that that requirement was not satisfied for two reasons: (1) Dr. Velez, petitioner's treating physician, and Dr. Jew, petitioner's independent examining physician, "never bothered to evaluate petitioner's knowledge of risks and benefits of treatment versus no treatment," and (2) Jew never spoke to petitioner because "the nursing staff would not let them speak in private."

Substantial evidence supports the ALJ's determination that the state hospital complied with the requirements set forth in OAR 309-114-0020(1)(a). Both Velez and Jew documented their findings on whether petitioner was deemed able to consent to the significant procedure. Specifically, Velez's informed consent form included questions asked and answered regarding petitioner's "understanding of [his] diagnosis," his "understanding of the purpose, risks and benefits of proposed treatments," and his "understanding of risks of not receiving proposed treatments as part of [his] regimen." Velez noted that petitioner "has no insight into his illness," and petitioner "does not believe that he needs medications." Similarly, Jew documented his determinations on the informed consent form to the same questions after reviewing petitioner's medical record and history.

---

[2] The state hospital contends that petitioner's arguments are unpreserved. For purposes of this appeal, we assume without deciding that petitioner's arguments are preserved.

Petitioner is correct that Jew did not meet with him to discuss the form. However, that is because petitioner twice refused to participate in that meeting. Under OAR 309-114-0020(4)(a)(B), if a patient refuses to meet with an independent consulting physician after "two good faith attempts, the independent consultation and approval requirement * * * shall be deemed to be fulfilled." Because the record supports the finding that Jew made two good faith attempts to meet with petitioner, the ALJ did not err in concluding that the state hospital followed OAR 309-114-0020(1)(a).

Second, petitioner argues that the ALJ erred in ruling that the state hospital correctly applied OAR 309-114-0020(1)(b), which essentially requires that the proposed procedure benefits the patient's mental health, alleviates extreme suffering, or extends the patient's life. That determination, petitioner argues, "would only be valid if [his] diagnosis of schizophrenia was valid[.]"

The evidentiary record establishes that petitioner was diagnosed with schizophrenia as early as 2014, and that diagnosis was again confirmed in 2017. Petitioner's current treating physician once again confirmed his schizophrenia diagnosis in December 2022. Because the record supports the conclusion that petitioner has a valid diagnosis of schizophrenia, the ALJ did not err in concluding that OAR 309-114-0020(1)(b) was satisfied.

Lastly, petitioner argues that the state hospital did not meet OAR 309-114-0020(1)(c), requiring that the proposed procedure "is the most appropriate treatment for the person's condition according to current clinical practice and other less intrusive procedures have been considered[.]" Petitioner contends that no alternative treatment procedures were proposed. However, Velez and Jew considered other treatments, such as psychotherapy and other group and individual activities, but petitioner continually refused to engage in those treatments. Nevertheless, Velez testified that, even if petitioner participated in those treatments, it would not be sufficient to restore petitioner without the proposed medications. Because the record supports those conclusions, the ALJ did not err in determining that OAR 309-114-0020(1)(c) was satisfied.

In sum, we conclude that substantial evidence supports the ALJ's factual findings, and that the ALJ did not legally err in determining that the state hospital followed the required statutory procedures.

Affirmed.